**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARLEY Z. KULKIN, | No. 12-15968 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-02261-PMP-VCF |
| v. | |
| TOWN OF PAHRUMP, an unincorporated town in the State of Nevada and County of Nye, DBA Pahrump Fall Festival, WILLIAM A. KOHBARGER, individually and in his official capacity as the Manager of the Town of Pahrump, COUNTY OF NYE, a political subdivision of the State of Nevada, DBA Nye County Sheriff's Office; CANNON, Deputy Sheriff, individually, and as an employee of Nye County Sheriff's Office, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| HEATH CAMPBELL, individually and in his official capacity with the Pahrump Fall Festival; PAULA GLIDDEN, individually and in her official capacity with the Pahrump Fall | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Festival,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted January 16, 2014
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

Heath Campbell and Paula Glidden appeal the district court's order denying summary judgment in this 42 U.S.C. § 1983 action brought by Harley Kulkin. Campbell and Glidden contend that the court erred by denying them qualified immunity against Kulkin's equal protection claim and related civil conspiracy claim.

Campbell and Glidden allegedly enforced a non-profit documentation policy against Kulkin, but not against other vendors at the Pahrump Fall Festival. But Kulkin, unlike the other vendors, registered for a booth on behalf of "self" rather than on behalf of an organization. And Kulkin concedes that Campbell and Glidden knew he did not have non-profit status as an individual. He does not assert that Campbell and Glidden knew of any other vendors who lacked non-profit status. A reasonable official in their position could have reasonably believed that

2

Kulkin was not similarly situated to the other vendors with respect to the documentation policy. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Campbell and Glidden are therefore entitled to qualified immunity. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011); *see also Tower v. Glover*, 467 U.S. 914, 916, 920–21 (1984) (analyzing qualified immunity against § 1983 civil conspiracy claim in the same manner as any other § 1983 claim).

**REVERSED.**